[No. 3,599.]

## SAMUEL BURRELL *v.* ROBERT A. HAW.

SUIT IN EQUITY TO HAVE A PRE-EMPTION PATENTEE DECLARED A TRUSTEE.— In a case where two parties are contesting pre-emption claimants before the United States Land officers, and the land is awarded to one and the patent issued to him, and the other then files a bill in equity to have

the Court adjudge the patentee his trustee, and compel him to make a conveyance of the legal title, the plaintiff must show, first; that he possessed all the necessary qualifications of a pre-emptor, for without these qualifications he has no standing in Court; second, that the defendant did not posses those qualifications, and that the land officers, in deciding that he did, were imposed on and deceived by fraudulent practices and false testimony used before them, and procured by the defendant.

IDEM.—The Courts will not pass on the sufficiency of the evidence upon which the decision of the land officers was based in such case, but, it must be shown that their decision was induced by fraudulent practices of the defendant, whereby the plaintiff was deprived of his right to preempt.

IDEM.—In such case, the fact that the patentee was not a citizen, and swore falsely on that point in his declaratory statement, is not sufficient to show fraudulent practices on his part on the question of citizenship; but it must appear that he produced witnesses who swore falsely on that point, and thereby deceived the land officers.

APPEAL from the District Court of the Eighth Judicial District, Humboldt County.

Special issues were submitted to the jury who returned their findings thereon. The Court below, on these findings, rendered judgment for the defendant; the plaintiff moved for a new trial, which was denied, and he then appealed from the judgment and from the order denying the motion for a new trial. (A report of this case on a former appeal will be found in the 40 Cal. 373.) The other facts are stated in the opinion of Judgê HAYNES, of the District Court, which is indorsed in the opinion of the Supreme Court, and is as follows:

"The parties to this action were contestants before the United States Land office at Humboldt, as to the right of preëmption to the east half of the southeast quarter of section No. 20, in township No. 4 north, of range No. 1 west, from Humboldt meridian.

"After a protracted contest of about six years, conducted before the proper tribunals of the Land Department, the land was finally awarded to defendant, and in due time a United States patent was issued to him for the same.

"Plaintiff brings this action against defendant, and alleges that he possessed all the qualifications, and performed all the acts required by law, to entitle him to preëmpt said

lands, and that he proved the same by competent testimony, at the several trials had in the land office, and that by right in law and in equity, the patent should have issued to him; that the same would have so issued but for certain false and fraudulent representations made by defendant at the several trials had, whereby the officers of the Land Department were imposed upon and deceived, and thereby induced to award the land to defendant.

"It is alleged that defendant, in his declaratory statement, falsely and fraudulently represented himself to be a citizen of the United States, and produced and procured false testimony to that fact, at the trials had, when in fact he was not a citizen, and had not filed his declaration of intention to become a citizen, which he well knew.

"And it is further alleged that defendant, in an affidavit made by him on the 6th day of July, 1865, and filed in the Land Office, fraudulently represented that he had settled upon and improved said lands, in good faith, for his own use and benefit, and not for the purpose of speculation, and that he had not made any agreement or contract with any person, whereby the title he might obtain from the government, should inure to the benefit of any person except himself, when in fact defendant did, in 1858, for a valuable consideration, sell and convey said lands to one James Clark, and it was understood and agreed between the parties, from the time of sale and up to and including the date of said affidavit, that the title which defendant should acquire, should inure in whole to the benefit of, and be vested in the said Clark.

"That by reason of the false and fraudulent representations of defendant concerning his citizenship, his good faith to appropriate the lands to his own use, and his sale to Clark, all of which were made with the intent to deceive and mislead the officers of the Land Department, the said officers were in fact misled and deceived, and caused to be issued to defendant a patent, dated September 15, 1866.

"Plaintiff asks the decree of this Court, that defendant holds the patent to said lands and the title by it in him vested, in trust for plaintiff, and that he convey the same to plaintiff by good and sufficient conveyance.

" The answer denies all the material allegations of the complaint, and for further answer, sets up the trial and decision or judgment of the Register and Receiver of the Land Office at Humboldt, and the affirmance of that judg- ment by the Commissioner of the General Land Office at Washington, and the Secretary of the Interior, whereby the patent was awarded to defendant; and that at said trial so had the matters charged in the complaint as fraudulent upon the part of defendant, were at issue and the subject of inquiry, and were decided adversely to plaintiff.

" To enable the plaintiff to obtain the relief he seeks in this action, it is necessary for him to show that he pos- sessed all the qualifications, performed all the acts, and complied with all the conditions required by law to entitle him to preëmpt, and that he proved these facts by compe- tent testimony at the trial in the Land Office.

"He must further show that the officers of the Land De- partment, before whom the trial was had, were imposed upon and deceived by the misrepresentations and fraudu- lent practices of defendant, and thereby induced to render a decision in his favor, and against plaintiff. In the language of our Supreme Court: 'There can be no doubt that the decision of the officers of the Land Office upon the questions arising as to such qualifications, is binding upon the parties, unless some question of fraud or trust intervenes.'

" We are not permitted here, to pass upon the suffi- .ciency of the testimony upon which their decision is based, although it may appear to be unsatisfactory and wholly in- sufficient to warrant the final conclusion reached; yet we cannot interfere with their decision, unless it is shown by the testimony that such decision was induced by the fraudulent practices of defendant, whereby plaintiff was deprived of his right to preëmpt, being otherwise quali- fied.

"Special issues have been submitted to the jury, and they have found the facts. The general question for con- sideration now is whether the facts found are sufficient to entitle the plaintiff to the relief asked.

"The most material questions involved in the issues are: "1st. As to the citizenship of defendant; and, 2d, as to the sale to Clark.

"The jury, answering to the seventh, eighth and ninth issues, submitted by plaintiff, find in substance:

"That defendant, at the time of making application to enter said lands, was not a citizen of the United States, and knew himself to be an alien, and that he falsely and fraudulently represented himself to be a citizen in his declaratory statement to preëmpt said lands, and also at the trial before the officers of the United States Land Office. This question of defendant's citizenship was a very material question to be determined by the officers of the Land Office, and from testimony before them they found he was a citizen. Were they induced to make such findings, by reason of any false testimony or other fraudulent practice imposed upon them by defendant? If not, then their decision upon that question is conclusive of citizenship. Defendant had to prove citizenship to the satisfaction of the Land Officers before he could preëmpt. He was not, could not be a witness in his own behalf, consequently was compelled to prove that fact by competent witnesses.

"Did any witness swear falsely upon this matter? The jury answering to the tenth issue submitted by defendant, say that 'they have no positive evidence that defendant procured or produced any witness who swore falsely before or at the trial before the land officers.' Any representation or allegation that defendant himself might have made, in his declaratory statement or otherwise, touching his citizenship, could not have influenced the tribunal, because it was not testimony. In the absence, then, of any fact showing that defendant proved his citizenship by false testimony, we must accept the decision of the Land Officers, upon that question, as conclusive.

"It is true that the jury here find that defendant was not a citizen, and I am of opinion that their finding is in accordance with the evidence, yet the testimony on that point being conflicting, other persons or tribunals might have arrived at different conclusions. The officers of the Land

Office, with precisely the same evidence before them, or even with less, might have concluded that defendant was a citizen. At all events, upon the evidence before them, much or little, they have so decided, and the facts shown will not warrant the Court in interfering with that decision.

" The next question presented is in reference to the alleged sale to Clark.

"The findings of the jury upon this issue are apparently inconsistent. Answering the tenth, eleventh and twelfth issues submitted by plaintiff, they say in substance that in 1858, defendant sold and conveyed the land in controversy to Jas. Clark. That on the 6th day of July, 1865, there was an agreement or understanding between defendant and Clark that the title which defendant might acquire should inure to and be vested in Clark. That the affidavit made by defendant before the Register on the 6th day of July, 1865, stating that he had not made any agreement or contract by which the title he might acquire should inure to the benefit of any person but himself, was not true.

"Answering the eleventh and twelfth issues submitted by defendant, they say the agreement to sell was never consummated, and that the same was canceled or destroyed by mutual consent of parties. The time of the destruction or cancellation of the agreement is not shown; if it had been, perhaps the apparent conflict in the findings might have been harmonized.

"But the jury further find that the matter of the sale to Clark was a question in issue before the land officers, and passed upon by them. That being the case, I think the facts found are insufficient to justify the Court in interfering with their decision upon that point. All of these facts were before them, and they doubtless found that no sale was consummated or intended.

"There is yet another question involved in the issues submitted, material to the determination of the case, to wit: the question of the inhabitancy or residence of plaintiff upon the land in controversy. The Supreme Court say: ' Plaintiff must show all the conditions necessary to enable him to preëmpt before he can call in question the proceedings through which defendant obtained his patent.'

"Inhabitancy, a *bona fide* residence upon the land, is one of the indispensable conditions to be complied with by a party seeking to preëmpt. This fact must be established to the satisfaction of the proper officers of the Land Office. If the applicant fail in this point alone, it is fatal to his claim; and however fraudulent may have been the conduct of his contesting adversary, he is not in a condition to attack the proceeding. The jury find that at the several trials had before the proper officers of the United States Land Office, it was decided that plaintiff had failed to show a *bona fide* residence upon the land, and for that reason was not entitled to preëmpt. There being no allegation of fraudulent practice by defendant in this connection, and no pretense that the officers were deceived and misled on that question, their decision is conclusive.

"In conclusion, it appearing from the testimony and the finding of the jury that at the several trials had between plaintiff and defendant before the United States Land Officers touching their respective rights to preëmpt the land in controversy, all the facts charged in the complaint as fraud, were in issue and passed upon by such officers; and it further appearing that no false testimony was procured or produced by defendant, at such trial, by which the officers were deceived, or misled, it follows that the decision there rendered by the Land Department is binding upon the parties, and conclusive of their rights.

"It is the opinion of the Court that the facts found are insufficient to entitle the plaintiff to the relief which he seeks."

*George Cadwalader*, for the Appellant, argued that the fact that the defendant falsely swore that he was a citizen, in his declaratory statement, established fraudulent practices on his part to procure the patent, and showed that the Land Officers were deceived; and cited, *Cunningham* v. *Ashley*, 14 How. U. S. 377; *Barnard* v. *Ashley*, 18 Id. 43; *Garland* v. *Winn*, 20 Id. 6; *Minnesota* v. *Bachelder*, 1 Wallace 109, and *Johnson* v. *Towsley*, 13 Wallace 72.

*S. M. Buck* and *G. W. Spaulding*, for Respondent, argued

that the Court would not review the judgment of the Land Officers on question of fact, since the passage of the Act of 1841; and cited, *Semple* v. *Hagar*, 27 Cal. 170; *Ableman* v. *Booth*, 21 How. U. S. 506; *Quinn* v. *Kenyon*, 38 Cal. 504; *Lindsey* v. *Hawes*, 2 Black, 558, and *Miles* v. *Caldwell*, 2 Wallace, 39.

They also argued that the declaratory statement was not evidence; and cited, *Hemphill* v. *Davies*, 38 Cal. 579.

By the Court, McKinstry, J.:

For the reasons set forth in the opinion of the learned Judge of the District Court, the judgment and order denying new trial herein are affirmed.