[No. 4700.]

## MICHAEL LYNCH v. FRANK BRIGHAM, CURTIS BRIGHAM AND ESTHER BRIGHAM.

COMPLAINT IN ACTION TO HAVE DEFENDANT DECLARED A TRUSTEE.—An allegation in a complaint that, in a contest in the United States land office between two pre-emption claimants, the party in whose favor it was decided procured a decision in his favor by false testimony fraudulently adduced, is a sufficient statement of a cause of action to entitle the plaintiff to relief by having the defendant declared his trustee.

APPEAL from the District Court, Fifth Judicial District, County of San Joaquin.

Ejectment to recover the S. E. ¼ of Sec. 24, T. 3 S., R. 5 E., Mount Diablo meridian. The defendant, Curtis Brigham, in his cross-complaint, alleged that he settled on the land as a pre-emptor on the tenth day of May, 1868, and filed his declaratory statement on the eighth day of August, 1868. That on the thirteenth day of December, 1868, the grantor of the plaintiff, one Hall, built a cabin on the land, and on the eleventh of May following, filed his declaratory statement as a pre-emptor. That a contest arose between the defendant and Hall which was decided in favor of Hall. That the plaintiff bought of Hall with full notice, etc. The defendant appealed.

The other facts are stated in the opinion and concurring opinion.

*James B. Townsend,* for the Appellant.

The court below erred in sustaining the plaintiff's de-

murrer to Brigham's equitable defense, cross-complaint
and counter-claim.  The facts alleged therein, if proved,
should have obtained from the court, not only the de-
feat of the plaintiff's action, but a decree in favor of
said Brigham, adjudging said plaintiff a trustee of the
legal title of said land for him, and compelling its conveyance.
(U. S. Pre-emption Law of 1841; 5 U. S. Stats., p. 455,
Secs. 10 to 15; Act of Congress of March 3, 1853; 10 U. S.
Stats., p. 244; 1 Lester's Land Laws, p. 360 to 367; *Gar-
land* v. *Wynn*, 20 How., U. S. 6; *Lindsey* v. *Hawes*, 2 Black.
554; *Johnson* v. *Towsley*, 13 Wallace, 72; *Samson* v. *Smiley*,
13 Wallace, 91; *Lyttle* v. *State of Ark.*, 22 How., U. S. 193;
*Cunningham* v. *Ashley*, 14 How., U. S. 378; *Stark* v. *Starrs*,
6 Wallace, 402; *Bird* v. *Wilcox*, 45 Cal. 686; *Morrison* v.
*Wilson*, 13 Cal. 497; *Estrada* v. *Murphy*, 19 Cal. 248; *Les-
trade* v. *Barth*, 19 Cal. 660.)

*M. Lynch*, in *pro. per.*

The question of defendant's qualifications to pre-empt pub-
lic land, was one of *fact*, of which the officers of the land
department alone had jurisdiction.  (*Hosmer* v. *Wallace*, 47
Cal. 461; *Quinn* v. *Kenyon*, 38 Cal. 504; *Hill* v. *Miller*, 36
Mo. 182; *Stucker* v. *Duncan*, 37 Mo. 160.)

The equitable defense, or cause of action of defendant,
was not pleaded with sufficient particularity, and his answer
did not possess all the elements and essential qualities of a
bill in equity, without which it was fatally defective, and
hence the demurrer was properly sustained.  (*Blum* v. *Rob-
ertson*, 24 Cal. 141; *Downer* v. *Smith*, 24 Cal. 124; *Lestrade*
v. *Barth*, 19 Cal. 660; *Estrada* v. *Murphy*, 19 Cal. 272.)

By the Court, WALLACE, C. J.:

The demurrer to the equitable defense was sustained, and
the propriety of the ruling of the court below in this re-
spect is the only question presented for our consideration.
It is alleged in that defense that in the contest before the
register and receiver, Hall, the plaintiff's grantor, produced
evidence to the purport and effect that the defendant, Cur-

tis Brigham, left land of his own to settle upon the quarter section in controversy, and "that said evidence was wholly false, and that the said Hall and Abling well knew at the time that they produced said evidence before the said register and receiver that the same was wholly false." It is further alleged in the said equitable defense of the defendant, Curtis Brigham, that the said register and receiver, and upon an appeal taken, the Commissioner of the General Land Office, were imposed upon and deceived by said false evidence, and were thereby led to award the land to Hall, instead of the defendant, Curtis Brigham. Under the settled rule governing controversies of this character, an equitable defense setting forth that the decision of the Land Department was procured by willfully false testimony, fraudulently adduced by the successful party, would entitle the defendant to be relieved.

Judgment reversed and cause remanded, with directions to overrule the demurrer to the equitable defense.

RHODES, J., concurring:

The cross-complaint states facts sufficient to show that the defendant possessed all the qualifications of a pre-emptor; that he performed all the acts required on his part to enable him to secure the right of pre-emption; that he made the requisite proof before the register and receiver of the matters upon which his rights depended; and from those facts it appears that his claim to the right of pre-emption was superior to that of the plaintiff. It is also stated that there was a contest between Hall, the plaintiff's grantor, and the defendant, in respect to the right of pre-emption; that the matter was tried by the register and receiver, and that after the matter was decided by those officers, appeals were successively taken to the Commissioner of the General Land Office and to the Secretary of the Interior; that the decision of each of those officers was in favor of Hall; but that such decisions resulted from false testimony, produced on the part of Hall, to the effect that the defendant had left his own land to settle upon the land in controversy.

The demurrer to the cross-complaint was sustained.

One of the questions arising upon these facts is whether the decisions of the officers of the Land Department, in a contest respecting the right of pre-emption, is final and conclusive upon all the issues of fact determined by them; or, in other words, whether in an action instituted by a party to the contest before the Land Department, to compel the other party to convey to him the title acquired from the United States, the Court can inquire into the facts upon which the claims of the respective parties depend, when the defeated party to the contest does not set up and show in the action fraud, accident or mistake, or some other ground of equitable jurisdiction. I have given my solution of this question in *Rutledge* v. *Murphy*, ante, p. 388, and am of the opinion that the demurrer to the cross-complaint should have been overruled.

McKINSTRY, J., dissenting:

I respectfully dissent. In case of contest before the Land Department between pre-emption claimants, the State courts will not retry a question of fact, unless on suggestion of fraud, or other grounds of equitable cognizance. (*Burrill* v. *Haw*, 48 Cal. 222; *Quinn* v. *Kenyon*, 38 Cal. 499.)

The defendant could not have been taken by surprise by the testimony offered by plaintiff before the land officers in respect to his (defendant's) ownership of other lands than those he sought to pre-empt. If he neither owned nor claimed other lands, this fact, from its very nature, he must have been prepared to establish. The prayer of defendant, therefore, is simply to have an issue of fact retried, which he was prepared to try, and, in fact, did try, before the land officers. It was not enough to say that the plaintiff introduced false testimony, knowing it to be false, but defendant should also have shown that he was deprived of an opportunity to establish the truth. The truth or falsehood of the statements of plaintiff's witnesses was itself an issue before the land officers, which, for aught that appears, defendant was fully prepared to meet and did meet.